UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE, REGION 3
Shining J. Hsu, Esq. (SH 9564)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : | Chapter 11 |
| In re: | : |  |
|  | : | Case No. 14-16268 (MBK) |
| Bay Front Marina & Yacht Basin, LLC, | : | The Honorable Michael B. Kaplan |
|  | : |  |
|  | : | Hearing Date: |
| Debtor. | : |  |
|  | : | **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER CONVERTING THE CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISSING THE CASE PURSUANT 11 U.S.C. § 1112(b)**

THE UNITED STATES TRUSTEE ("UST"), by and through counsel, in furtherance of her duties and responsibilities, hereby respectfully moves for an Order Converting the Case the Case to Chapter 7 or, in the Alternative, Dismissing the Case Pursuant to 11 U.S.C. §1112 (b) and for such other and further relief as this Court deems just and appropriate.

1. Under 28 U.S.C. § 586(a)(8), the UST has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112. This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v.*

*Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

2. On March 31, 2014, the above-captioned debtor ("Debtor") filed a voluntary petition for relief under chapter 11 of Title 11, United States Code, and has remained in possession of its property and management of its affairs.

3. An Unsecured Creditors' Committee has not been appointed by the United States Trustee.

4. Upon information and belief, the Debtor is a limited liability company that owns real estate in Waretown, New Jersey, designed to be operated as a boat marina and restaurant facility. Upon information and belief, the boat marina is non-operational, and the restaurant facility is presently vacant.

5. On April 24, 2014, the Office of the United States Trustee conducted the initial debtor interview ("IDI"). Prior to the IDI, the Debtor had provided proof of general liability insurance coverage. At the IDI, the Debtor confirmed there is no property and/or flood insurance in place.

6. To date, the Office of the United States Trustee has not been provided with proof of valid property or flood insurance.

7. Pursuant to 11 U.S.C. §§ 704(a)(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to submit proof of insurance and supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases, which were distributed to the debtor at the inception of the case.

8. The Debtor has failed to comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases. The Debtor has not submitted any proof of valid property or flood insurance.

9. 11 U.S.C. § 1112(b)(1) provides:

> Except as provided in paragraph (2)[1] and subsection (c),[2] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a)[3] of a trustee or an examiner is in the best interests of creditors and the estate.

---

[1]

11 U.S.C. § 1112(b)(2) states:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that–
> there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> (A)  the grounds for converting or dismissing the case include an   act or omission of the debtor other than under paragraph (4)(A) –
> (B)
>  (i) for which there exists a reasonable justification for the act or omission; and
>  (ii) that will be cured within a reasonable period of time fixed by the court.

[2]

11 U.S.C. § 1112(c) states:

> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

[3]

11 U.S.C. § 1104(a) states:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>  (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>  (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

10. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

> (O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and
>
> (P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

11. It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See*, In re Pittsfield Weaving Company, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

12. There is a substantial risk that the value of the Debtor's property will be diminished or lost if an accident occurs and there is no insurance to cover the damages. Failure to maintain appropriate insurance that poses a risk to the estate or to the public is cause to dismiss pursuant to 11 U.S.C. § 1112(b)(4)(C). Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

13. The United States Trustee submits that conversion would be in the best interest of creditors. Conversion would result in the appointment of an independent trustee who would liquidate any assets and investigate whether there are any avoidance causes of action which might lead to a distribution to creditors.

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests

that this Court enter an Order Converting the Case or an Order Dismissing the Case, and such other and further relief that is deemed just and equitable.

                                          Respectfully submitted,
                                          ROBERTA A. DeANGELIS
                                          UNITED STATES TRUSTEE
                                          REGION 3

                                          _/s/ Shining J. Hsu_
                                          Shining J. Hsu
                                          Trial Attorney

DATED:  April 24, 2014